UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:14-CV-203 |
| GENERAL INVESTMENT, LLC, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Plaintiff General Electric Capital Corporation filed its complaint against Defendant General Investment, LLC, on July 7, 2014, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) In the complaint, Plaintiff, which alleges it is a Delaware corporation with a principal place of business in Connecticut, states that it is "informed and believes that all of the members of the Defendant are residents of Indiana or Michigan, and that none are residents or citizens of Delaware or Connecticut." (Compl. ¶ 2.) Plaintiff's jurisdictional allegations, however, inadequately set forth the citizenship of Defendant.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff cannot, as it attempts to do here, merely allege a "naked declaration that there is diversity of citizenship" in its complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, the Court must be advised of each member of Defendant General Investment, LLC, and such member's citizenship ("traced through multiple levels" of ownership if such member is an unincorporated association, partnership, or limited liability company, *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004)), to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).

And if, as the complaint suggests, Defendant's members are natural persons, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co.*, 101 F.3d at 58-59 (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, to determine citizenship, the Court must be advised of each individual member's domicile, rather than his or her residence.

Furthermore, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct.

28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Plaintiff must amend its complaint to allege Defendant's citizenship on the basis of personal knowledge rather than belief.

Therefore, Plaintiff is ORDERED to supplement the record on or before July 22, 2014, by filing an Amended Complaint reciting the parties' citizenship on the basis of personal knowledge, and properly alleging the identity and citizenship of each member of Defendant, tracing citizenship through all applicable layers of ownership.

SO ORDERED.

Enter for this 8th day of July, 2014.

s/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge