UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:14-CV-203 ) |
| GENERAL INVESTMENT, LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On July 11, 2014, Plaintiff General Electric Capital Corporation filed an amended complaint against Defendant General Investment, LLC, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 5.) In the amended complaint, Plaintiff, which alleges it is a Delaware corporation with a principal place of business in Connecticut, states that "[b]ased on the information provided by Plaintiff's counterparties in the transaction at issue, the sole member of Defendant is Walter Bay ("Bay"), now deceased." (Am. Compl. ¶¶ 1-2.) Plaintiff further alleges that Mr. Bay was a Michigan resident, his estate is in Michigan probate court, and the estate's personal representative is a resident and citizen of Michigan. (Am. Compl. ¶ 2.) Plaintiff's jurisdictional allegations, however, inadequately set forth the citizenship of Defendant.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."

*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Plaintiff states that Defendant's sole member is Walter Bay, a resident of Michigan, who is "now deceased." But residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

And whether Mr. Bay died before or after this action commenced, his citizenship as of the date this action was filed is determinative of Defendant's citizenship. *See Multi–M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill.1992) ("Diversity is assessed at the time the action is filed."). Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[1] *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent). Therefore, the Court must be advised of Mr. Bay's domicile at the time this action was filed, rather than his residence.

And to reiterate, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-

---

[1] Consequently, the amended complaint's allegation that the personal representative of Mr. Bay's estate is a citizen of Michigan (Compl. ¶ 2) is meaningless for purposes of determining diversity jurisdiction.

753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). Consequently, Plaintiff must allege Defendant's citizenship on the basis of personal knowledge rather than information and belief.

Therefore, Plaintiff is ORDERED to file on or before July 28, 2014, a supplement to the Amended Complaint reciting the parties' citizenship on the basis of personal knowledge and properly alleging the citizenship of the member of Defendant.

SO ORDERED.

Enter for this 14th day of July, 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
